UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JONES,

       Plaintiff

v.

DAVID McCORMICK, *et al.*,

       Defendants.
_____/

Case No. 2:15-11694
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 24)

This matter is before the Court for consideration of Plaintiff Willie James Jones' motion for appointment of counsel. (DE 24.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

### I.  BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983, alleging claims of unlawful seizure, violation of due process, violation of equal protection, assault and battery, false arrest, and false imprisonment, stemming from events that occurred during his April 23, 2012 arrest and continuing until October 2, 2012. (DE 1 and 2.) Plaintiff's complaint was transferred to this district from the Western District of Michigan on May 12,

2015.  Currently, Defendants' motion to dismiss is fully briefed and pending before the court.  (DE 20, 22, and 23.)

Plaintiff filed this motion for appointment of counsel on December 14, 2015.  (DE 24.)  In his motion, he asks the court to appoint an attorney in this civil matter because he has a limited education on the law and is indigent.

## II.   ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

2

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel. Plaintiff contends

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

that the expertise of an attorney would be helpful to litigate his case, but that he has not been able to find an attorney on his own. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. Further, the claims in Plaintiff's complaint do not involve complex issues. Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a reasonably clear and well-organized manner. For example, his response to the pending motion to dismiss cites to relevant case law and contains helpful subject headings. The court will take his well-researched response into account when deciding the pending motion to dismiss. Finally, as this is a civil case in which Plaintiff is seeking only monetary damages, there is no danger that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this case. (DE 1 at 6.)

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 24.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: February 17, 2016            s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 17, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti
