UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JONES,

          Plaintiff                  Case No. 2:15-11694
                                        District Judge Mark A. Goldsmith

v.                                        Magistrate Judge Anthony P. Patti

DAVID McCORMICK, *et al.*,

          Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (DE 20)

**I.    RECOMMENDATION**:  The Court should grant Defendants' motion and dismiss this action in its entirety.

**II.    REPORT**

    **A.  Background**

Plaintiff filed his complaint and application to proceed *in forma pauperis* in the Western District of Michigan on April 15, 2015.  (DE 1 and 3.)  On May 12, 2015, the Western District transferred the action to this District.  (DE 4.)  The application to proceed *in forma pauperis* was granted on June 9, 2015.  (DE 7.)

Plaintiff's claims arise from his arrest on April 23, 2012.  According to his pleadings, Southfield police officer David McCormick received a dispatch about a carjacking.  Twenty-six minutes later, Officer McCormick drove "roughly three to

five miles" from his position at Eight Mile and Greenfield into Detroit, where he observed a black Corolla with a license plate corresponding to that of the stolen car. (DE 1 at 3, ¶ 2.) Officer McCormick attempted to pull the vehicle over, which led to a car chase, causing Officer McCormick to call for back up. (Id.) Southfield police officers Patricia Meyer, R. Losh, J. Jagiesky and Matatal arrived to assist Officer McCormick. Plaintiff contends that the officers tased and beat him before taking him out of the jurisdiction where the arrest was made. They did not contact the Detroit Police Department.

Plaintiff was charged with car-jacking and armed robbery, as well as carrying a concealed weapon, fleeing and eluding, and felon in possession. (DE 1 at 4, ¶ 2.) Plaintiff was required to stay in jail as a result of the charges, although the latter three were eventually dropped.

Plaintiff contends that his arrest was illegal, and that the events associated with it were thereby tainted. Specifically, he posits that Officer McCormick arrested him outside of the territorial bounds of his jurisdiction without consulting with the Detroit Police Department, making his actions those of a private citizen. Plaintiff claims that the officers committed assault and battery during the arrest, in addition to falsely arresting and imprisoning him. He also cursorily posits violations of due process and equal protection.

2

## B. __The Instant Motion__

Defendants filed the instant motion on September 3, 2015. (DE 20.) They assert that this case should be dismissed because Plaintiff's conviction and the applicable statutes of limitation bar his claims. They also argue that Plaintiff has failed to state Due Process and Equal Protection claims.

Plaintiff opposes the motion. (DE 22.) In his response, Plaintiff notes that he intends to dismiss his Equal Protection claim, but seeks to amend his complaint to add an unspecified claim for "personal injury." (DE 22 at ¶¶ 5 and 7.) Plaintiff asserts that, because Officer McCormick was working outside of his jurisdiction, he was only entitled to arrest Plaintiff if he knew that Plaintiff had actually committed a felony. He also asserts that his claims are not barred by the applicable statutes of limitation.

Defendants filed a reply on October 19, 2015. (DE 23.) They maintain that Plaintiff's claims are time-barred. In addition, they contend that allowing Plaintiff to amend his complaint to add a claim for personal injury would be futile.

## C. __Standard__

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain

3

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Furthermore, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'"

4

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)

(Ludington, J., adopting report and recommendation of Binder, M.J.).[1]

### D. <u>Discussion</u>

 Defendants' motion asserts three bases for dismissing this case.  First, they contend that Plaintiff's claims are barred by the applicable statutes of limitation.  Second, they assert that Plaintiff's claim for unlawful seizure is barred by his conviction.  Third, they argue that Plaintiff has failed to state a claim for violations of Due Process or Equal Protection.  I will address each of Defendants' arguments in turn.

#### 1.      Statute of Limitations

##### a.      Plaintiff's State Common Law Claims are Barred

Plaintiff brings state-law claims of assault and battery, false arrest, and false imprisonment.  (DE 1 at 4.)  According to his complaint, the relevant incident occurred on April 23, 2012.  Plaintiff filed his complaint just under three years later, on April 15, 2015.

Pursuant to Michigan law, the statute of limitations is two years for an action "charging assault, battery, or false imprisonment."  Mich. Comp. Laws §

---

[1] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

600.5805(2).   Likewise, "[u]nder Michigan law, a person must bring a false-arrest claim within two years after the claim first accrued."  *Wolfe v. Perry*, 412 F.3d 707, 715 (6th Cir. 2005).  A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  Mich. Comp. Laws § 600.5827.

Applying the foregoing authority, Plaintiff's claims accrued on April 23, 2012.  He filed his complaint nearly three years later, on April 15, 2015. Accordingly, Plaintiff's claims for assault, battery, false arrest, and false imprisonment are barred by the state statute of limitations.

Plaintiff's arguments in opposition are unavailing.  First, he contends that his claims are subject to a three-year statute of limitations pursuant to Mich. Comp. Laws § 600.5805(10), which provides that "[*e]xcept as otherwise provided in this section*, the period of limitations is 3 years after the time of death or injury for all actions to recover damages for the death of a person, or for injury to a person or property."  (emphasis added).  However, as Defendants point out, the "specific statute of limitations" outlined in § 600.5827 generally controls over the general statute of limitations outlined in § 600.5805(10), hence the verbiage "except as otherwise provided in this section."  *See Ostroth v. Warren Regency, G.P., L.L.C.*, 263 Mich. App. 1, 13 (2004) (concluding "a specific statute of limitations controls over a general statute of limitations.").

6

Second, Plaintiff asserts that he has been incarcerated since the claims accrued, thereby tolling the statute of limitations.  However, the Legislature amended Mich. Comp. Laws § 600.5851 in 1993 to "eliminate imprisonment as a disability that tolled a limitation period" by adding the following paragraphs:

> (9) If a person was serving a term of imprisonment on the effective date of the 1993 amendatory act that added this subsection, and that person has a cause of action to which the disability of imprisonment would have been applicable under the former provisions of this section, an entry may be made or an action may be brought under this act for that cause of action within 1 year after the effective date of the 1993 amendatory act that added this subsection, or within any other applicable period of limitation provided by law.
>
> (10) If a person died or was released from imprisonment at any time within the period of 1 year preceding the effective date of the 1993 amendatory act that added this subsection, and that person had a cause of action to which the disability of imprisonment would have been applicable under the former provisions of this section on the date of his or her death or release from imprisonment, an entry may be made or an action may be brought under this act for that cause of action within 1 year after the date of his or her death or release from imprisonment, or within any other applicable period of limitation provided by law.
>
> (11) As used in this section, "release from imprisonment" means either of the following:
>
>> (a) A final release or discharge from imprisonment in a county jail.
>>
>> (b) Release on parole or a final release or discharge from imprisonment in a state or federal correctional facility.

Mich. Comp. Laws § 600.5851 (9-11). As Plaintiff's claims arose after the 1993 amendment date, they are not tolled by his imprisonment.

7

**b.    Plaintiff Has Not Pleaded an Excessive Force Claim Pursuant to § 1983**

Plaintiff also brings constitutional claims.  If his assault and battery claims could be construed as those for excessive force brought pursuant to 42 U.S.C. § 1983, they would not be time barred.  State statutes of limitations apply to determine the tolling of claims asserted under 42 U.S.C. § 1983.  *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012).  In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). Specifically, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996).

However, the Court can only take Plaintiff's complaint as it is pleaded, because "the applicable period of limitations depends upon the theory actually pled when the same set of facts can support either of two distinct causes of action." *Barnard v. Dilley*, 134 Mich. App. 375, 378 (1984); *see also Wilkerson v. Carlo*, 101 Mich. App. 629, 631 (1980) ("The type of interest allegedly harmed is the

8

focal point in determining what limitations period controls.").  Here, "the theory

actually pleaded" reads as follows:

> Because the arrest was illegal and the officers held absolutely no
> authority, the tasering [sic] and beating of the petitioner constitutes
> <u>ASSAULT AND BATTERY</u>, THE THREE ADDITIONAL
> CHARGES CONSTITUTE FALSE ARREST [and] the removal of
> the [Plaintiff] from the jurisdiction where the arrest was made, is in
> violation of the fourth and fourteenth amendment[s].

(DE 1 at 4, internal formatting omitted, but *emphasis left as in original*.)

Of note, along with the complaint, Plaintiff also filed a second docketed item

he refers to as a memorandum of law.  He explains that this memorandum

continues to refer to him as a "'THE DEFENDANT'" because it "is currently

being presented in [c]riminal court," and that it will "better explain the claims

presented." (Id.)  In it, he concludes that his arrest was made in violation of the

Fourth and Fourteenth amendments to the Constitution.  (DE 2 at ¶¶ 1, 3, and 5.)

However, Plaintiff's "memorandum of law" is not a pleading and is not

incorporated by reference in his complaint.  *See* Fed. R. Civ. P. 7(a) (the only

pleadings allowed are a complaint, an answer to a complaint, an answer to a

counterclaim designated as a counterclaim, and answer to a crossclaim, a third-

party complaint, an answer to a third-party complaint, and, if the court orders one,

a reply to an answer.).  Nor, by Plaintiff's own admission, was this memorandum

prepared in support of his civil case, instead being a document created for and

submitted in his criminal case.

9

Furthermore, the "memorandum" is inconsistent both with Plaintiff's complaint and his response to the instant motion, in which he reiterates that his claims are as follows:

> Because the arrest was illegal and the officers held absolutely no authority, the tasering [sic] and beating of the petitioner constitutes <u>ASSAULT AND BATTERY</u>, THE THREE ADDITIONAL CHARGES CONSTITUTE FALSE ARREST, [and] the removal of the [Plaintiff] from the jurisdiction where the arrest was made, is in violation of the fourth and fourteenth amendment[s].

(DE 22 at 8, internal formatting omitted, but *emphasis left as in original*.)  This is a verbatim recitation of the description in his complaint.  Even construing the complaint liberally, Plaintiff specifies that his claims related to the April 23, 2012 tasing and beating are for "assault and battery," which, without more, are state common law claims.  (DE 1 at 4.)  Likewise, he describes his "uninterrupted" incarceration as the basis for common law false arrest and imprisonment claims, to which "the states [sic] tolling rules should apply [citation omitted]."  (DE 22 at 2.)

The "type of interest allegedly harmed" and the "focal point" of these intentional tort claims is not a *constitutional* violation, but rather an alleged *statutory* violation, namely an assertion that by arresting him outside of their jurisdiction, *any force or restriction* employed by the police was illegal.  He makes this clear by specifying that his arrest was "tainted with illegality" because Officer McCormick "was not working in conjunction with Detroit police or state police . . . ."  (DE 1 at 4, emphasis omitted.)  He further clarifies that Defendants:

10

> [W]ere not authorized to operate <u>under the color of law</u> in the city of
> [D]etroit rendering the arrest statutor[ily] illegal.  Because the arrest
> was made <u>under the color of law</u>, the officers forfeited any claim
> under <u>private citizen</u> arrest.

(*Id.*, emphasis in original.)  Put another way, Plaintiff is asserting that because Defendants failed to comply with state law by arresting him outside of their jurisdiction, any touching associated with the arrest was *per se* unwanted, and therefore an assault, battery, and false arrest/imprisonment, because they had no right to apprehend him in the first place.[2]  The *type of interest allegedly harmed*, therefore, sounds in state and not constitutional law.  *See Wilkerson*, 101 Mich. App. at 631.

In a similar case in this District, the plaintiff brought claims for assault, battery, and false imprisonment, based on injuries she allegedly suffered as a result of her arrest and handcuffing.  *Looney v. City of Detroit*, No. 04-cv-73514, 2005 WL 2072100, at *1 (E.D. Mich. Aug. 26, 2005).  Rather than speculating about whether the plaintiff could have pled her claims pursuant to § 1983, the Court limited its analysis to what was actually pleaded and concluded that the two-year statute of limitations provided in § 600.5805 prevented the intentional tort claims from proceeding.  *Id.* at 2.

---

[2] In order to be liable for battery the defendant's act "must cause, and must be intended to cause, an unpermitted contact."  W. Page Keeton, *et al.*, *Prosser and Keeton on Torts*, 41 (5th ed. 1984).  Additionally, the "time and place, and the circumstances under which the act is done, will necessarily affect its unpermitted character, and so will the relations between the parties."  *Id.* at 42.

11

Likewise, this district has applied the two-year statute of limitations to an assault and battery claim that did "not allege a federal §1983 claim for the violation of a constitutional right," where constitutional violations were alleged elsewhere in the complaint. *Lewis v. Stellingworth*, No. 07-cv-13825, 2009 WL 1384149, at *4 (E.D. Mich. May 14, 2009).

Here, Plaintiff brings up federal constitutional claims in his complaint only in reference to his removal from the jurisdiction in which he was arrested, and then only in a cursory, conclusory manner.[3]  Those claims are addressed in sections 2 and 3 below.  His pleadings make no specific reference to a § 1983 claim. Although the Court must construe Plaintiff's complaint in the light most favorable to him, it may not rewrite the complaint to "include claims that were never presented" or "construct the Plaintiff's legal arguments for him." *Rogers*, 595 F.Supp.2d at 766.  Since Plaintiff's claims for assault and battery, false imprisonment, and false arrest are time-barred, they should be dismissed.

---

[3] Plaintiff, for the first time in his response to Defendants' motion, states that the officers tased and beat him in violation of his "eighth amendment right under cruel and unusual punishment."  (DE 22 at 2.)  However, when ruling on a motion under 12(b)(6), "courts consider whether the *complaint* states a claim upon which relief could be granted, not whether the plaintiff has stated—or could state—such a claim elsewhere." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (emphasis in original).  Further, the Eighth Amendment is not implicated in the pre-conviction scenario that has been pleaded here. *Bass v. Robinson*, 167 F.3d 1041, 1048-49 (6th Cir. 1999) (concluding that the Eighth Amendment did not govern a claim for excessive force used during a pre-conviction arrest).

12

**c.   Plaintiff May Not Amend His Complaint to Avoid the Statute of Limitations**

Furthermore, Defendants are correct that Plaintiff cannot "salvage" his assault and battery claims by simply amending his complaint to rename them as an amorphous but non-existent tort called "personal injury," in an effort to take advantage of Michigan's three-year residual limitations period for unspecified personal injuries under Mich. Comp. Laws. § 600.5805(10).  (DE 22 at 2; 23 at 5.) *See, e.g., Stellingworth*, 2009 WL 1384149 at *4.  "It is well established under Michigan jurisprudence that a court is not bound by the label a party assigns to its claims."  *Stephens v. Worden Ins. Agency*, 307 Mich. App. 220, 228-29 (2014). Instead, the court must determine the gravamen of an action "by reading the complaint as a whole, and by looking beyond mere procedural labels to determine the exact nature of the claim."  *Adams v. Adams*, 276 Mich. App. 704, 710-11 (2007). Such an analysis is required because a "plaintiff may not evade the appropriate limitation period by artful drafting."  *Simmons v. Apex Drug Stores, Inc.*, 201 Mich. App. 250, 253 (1993).

Plaintiff's request to amend his complaint to add a claim of "personal injury" appears to be an attempt to evade the statute of limitations by artful

13

pleading.[4]  His entire argument as to why he is entitled to amend his complaint to add a claim for personal injury relates back to the alleged tasing and assault committed by the officers on the day of his arrest, which he previously defined as "assault and battery."  He offers no new facts, merely noting that since filing the complaint he "learned what action he is officially entitled to and wish[es] to add a claim of personal injury."  (DE 22 at 2, ¶5.)  Instead, he again appears to be attempting to benefit from the general tort statute of limitations provided for in Mich. Comp. Laws § 600.5805(10), as opposed to the statute of limitations for the specific torts that he actually describes in his complaint.  As such, Plaintiff's request to amend his complaint should be denied.

## 2.    Unlawful Seizure

Plaintiff's unlawful seizure claim is not well defined.  As best as I can discern, Plaintiff asserts that the Defendants violated his Fourth Amendment rights when they arrested him outside of their jurisdiction.  Defendants contend that Plaintiff's claim for unlawful seizure as a result of his arrest must be dismissed for two reasons: 1)  a ruling in his favor would imply the invalidity of his conviction, in violation of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); and 2) Plaintiff's arrest did not violate the Fourth Amendment.  Plaintiff counters that he was

---

[4] Under Michigan law, personal injury is defined as "bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm."  Mich. Comp. Laws § 600.6301. It is not, however, defined as an independent tort action.

14

unlawfully seized, in violation of his Constitutional rights, when he was arrested outside of Defendants' jurisdiction, contrary to Mich. Comp. Laws 764.16(b).

"An arrest, of course, is constitutionally problematic only in the absence of probable cause." *Hoover v. Walsh*, 682 F.3d 481, 499 (6th Cir. 2012).  A conviction is conclusive evidence of probable cause.  *Blase v. Appicelli*, 195 Mich. App. 174, 178 (1992).  The Court may consider matters of public record when determining whether to grant a Rule 12(b)(6) motion.  *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2011).  Arrest and conviction information are matters of public record.  *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

Here, Defendants attach as exhibits Plaintiff's Oakland County docket report, confirming that he was convicted of the offenses charged on December 12, 2012, as well as the Michigan Court of Appeals' opinion affirming Plaintiff's conviction.  (DE 20-2[5] and 20-3.)   Plaintiff does not contest this information.  Accordingly, Plaintiff's constitutional claims related to his arrest must fail because the officers had probable cause for the arrest.

Furthermore, Plaintiff's argument that Defendants' actions violated Mich. Comp. Laws § 764.16 is not well taken.  As a preliminary matter, failure to follow this rule is not a constitutional violation, as addressed above, because Defendants

---

[5]  *People v. Jones*, No. 314171, 2014 WL 3047444 (Mich. Ct. App. July 3, 2014) *appeal denied*, 497 Mich. 948 (2014).

15

had probable cause for the arrest.  Moreover, this provision allows a private individual (including an officer outside of his or her jurisdiction) to arrest someone who has committed a felony in the person's presence or outside of the person's presence.  Mich. Comp. Laws § 764.17; *United States v. Watkins*, No. 14-20034, 2015 WL 753344, at \*5 (E.D. Mich. Feb. 22, 2016).  Here, according to Plaintiff's pleadings, Officer McCormick heard a dispatch about a car-jacking, spotted the stolen vehicle, and attempted to pull the vehicle over, leading to a car chase.  (DE 2 at 6.)  Carjacking is a felony under Michigan law.  Mich. Comp. Laws § 750.529a. Accordingly, Officer McCormick had probable cause to believe that the driver of the stolen car had committed a felony, which no doubt appeared even more likely when Plaintiff evaded the traffic stop and lead the police on a high speed chase into another county, another chargeable crime.[6]  As a result, Plaintiff's claims for illegal seizure in violation of the Fourth Amendment must fail.

### 3.       Equal Protection and Due Process

As a preliminary matter, Plaintiff moves to voluntarily dismiss his claim for Equal Protection, and I recommend that the Court grant his request.  (DE 22 at 2, ¶ 7.)

---

[6] Plaintiff was charged pursuant to Mich. Comp. Laws § 257.602(a)(3) with third degree fleeing and eluding, but this was dismissed at the time of sentencing as an apparent part of the plea agreement.  (DE 20-3 at 6, 10).

16

Plaintiff maintains his claim for a Due Process violation, and seems to specify that Defendants violated his *procedural* due process rights.  The Due Process Clause of the Fourteenth Amendment states that no state shall "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV, § 1.   Here, Plaintiff asserts that being brought before a magistrate in the county in which the offense occurred violated his rights under the Due Process Clause.  Specifically, he argues that his arrest in Wayne County was an illegal seizure, entitling him go before a Wayne County magistrate.  Instead, he was brought before an Oakland County magistrate, because the offense occurred in Oakland County.  As support for his position, Plaintiff relies on Mich. Comp. Laws § 764.4, which provides in its entirety:

> If a person is arrested pursuant to a warrant which charges an offense other than an offense for which bail may be denied, if the arrest is made in a county other than that in which the offense is charged to have been committed, and if the person arrested requests that he or she be brought before a magistrate of the judicial district in which the arrest was made, the person arrested shall be taken before a magistrate of that judicial district and shall be dealt with as provided in sections 5, 6, and 7 of this chapter.

Mich. Comp. Laws § 764.4.

Plaintiff misreads the statute.  Broken down into its component parts, the statute allows an individual to be brought before a magistrate in the judicial district in which his or her arrest was made when: 1) the person is arrested *pursuant to a warrant*; 2) the arrest was made in a county other than that in which the offense is

17

charged to have been committed; *and* 3) the person requests to be taken before a
magistrate in the district in which the arrest was made.[7]  These requirements are
conjunctive, not disjunctive.[8]  Here, Plaintiff meets only two of the three required
elements, in that he was arrested in Oakland County and not Wayne County, and
he requested to be taken before a Wayne County magistrate.  (DE 22 at 3, ¶ 4.)
However, he cannot establish the first element because his arrest was not made
pursuant to a warrant.  For good reason, the law does not sanction a fleeing felon
leading the police on a hot pursuit chase into a county in which his preferred
magistrates happen to preside.  Accordingly, I conclude that Plaintiff's Due
Process claim should be dismissed.

---

[7] Notably, Plaintiff omits the warrant requirement from his recitation of the statute.
(DE 22 at 14.)

[8] A "fundamental canon of statutory construction is that . . . words will be
interpreted as taking their ordinary . . . common meaning." *Perrin v. United States,*
444 U.S. 37, 42 (1979).  Here, the statute uses the conjunctive "and" rather than
the disjunctive "or," indicating that all listed elements are required.  *See, e.g.,*
*United States v. Hodge*, 321 F. 3d 429, 436 (3d Cir. 2003) ("'canons of
construction ordinarily suggest that terms connected by a disjunctive be given
separate meaning unless the context dictates otherwise.'") (quoting *United States v.*
*6109 Grubb Rd.*, 886 F.2d 618, 626 (3d Cir. 1989)).

## III.   CONCLUSION

In sum, I recommend that the Court: (1) **GRANT** Plaintiff's request to voluntarily dismiss his Equal Protection claim pursuant to Fed. R. Civ. P. 41(a)(2); (2) **DENY** Plaintiff's request to amend his complaint to add a claim for personal injury; and, (3) **GRANT** Defendants' motion and dismiss the remainder of this action pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

      **IT IS SO ORDERED.**


Dated: April 20, 2016         <u>s/Anthony P. Patti</u>
                           Anthony P. Patti
                           UNITED STATES MAGISTRATE JUDGE