UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JONES,

    Plaintiff,                                             Case No. 15-cv-11694

vs.                                                        HON. MARK A. GOLDSMITH

DAVID McCORMICK, et al.,

    Defendants.
_____/

**ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED APRIL 20, 2016 (Dkt. 28);
AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 20)**

        This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti, issued April 20, 2016. In the R&R, the Magistrate Judge recommends granting Plaintiff's request to voluntarily dismiss his Equal Protection claim pursuant to Federal Rule of Civil Procedure 41(a)(2); denying Plaintiff's request to amend his complaint to add a personal injury claim; and granting Defendants' motion to dismiss. R&R at 19 (Dkt. 28).

        The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash,

328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court grants Plaintiff's request to voluntarily dismiss his Equal Protection claim, see Pl. Resp. at 2; Plaintiff's request to amend his complaint, id., is denied; and Defendants' motion to dismiss (Dkt. 20) is granted. Plaintiff's complaint is dismissed with prejudice, including his Equal Protection claim. See Fed. R. Civ. P. 41(a)(2).

SO ORDERED.


Dated: May 11, 2016                     s/Mark A. Goldsmith
Detroit, Michigan                       MARK A. GOLDSMITH
                                        United States District Judge



**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 11, 2016.

                                        s/Karri Sandusky
                                        Case Manager

3